```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LUIS AZUCENA,

                        Plaintiff,
                                                            REPORT AND
        -against-                                           RECOMMENDATION
                                                            2:19-CV-3673-DLI-SJB

NCB MANAGEMENT SERVICES, INC.,

                        Defendant.
----------------------------------------------------------------X
```
**BULSARA, United States Magistrate Judge:**

On June 24, 2019, Defendant NCB Management Services, Inc. ("NCB") removed this action against Plaintiff Luis Azucena ("Azucena") from state court. (Notice of Removal dated June 6, 2019, Dkt. No. 1). On October 17, 2019, Defendant filed a letter to the Court noting that Plaintiff commenced this action in New York state court by filing a summons with notice—rather than a complaint—and that to date, Plaintiff had not filed a complaint in this Court. (Dkt. No. 5). As a result, the Court issued an order reminding Plaintiff that pursuant to Fed. R. Civ. P. 4, he must serve a complaint on the defendant within 90 days from the date of removal. (Order dated Oct. 28, 2019). Because Plaintiff had failed to serve the complaint within 90 days of removal, *i.e.* by September 22, 2019, the Court ordered Plaintiff to show cause as to why this case should not be dismissed. (*Id.*). To date, proof of service has not been filed nor has Plaintiff given any explanation as to why this case should not be dismissed. On November 12, 2019, Defendant filed a letter asking the Court to dismiss the action with prejudice for failure to serve the complaint. (Dkt. No. 6). The Court respectfully recommends that the case be dismissed and closed.

"Rule 4(m)... applies to removed cases after the date of removal." *G.G.G. Pizza, Inc. v. Domino's Pizza, Inc.*, 67 F. Supp. 2d 99, 102 (E.D.N.Y. 1999). Rule 4(m) provides that a plaintiff has 90 days to serve its complaint, and that date begins running on the date of removal. Fed. R. Civ. P. 4. This 90-day rule applies even to cases removed solely on the basis of a summons, where there has been no complaint yet filed in state court. *See, e.g.*, *G.G.G. Pizza*, 67 F. Supp. 2d at 101. "If the plaintiff shows good cause for the failure, the court must extend the time for service[.]" *Id.* "A party seeking a good cause extension bears a heavy burden of proof." *Alvarado v. Am. Freightways, Inc.*, No. 04-CIV-9536, 2005 WL 1467893, at *5 (S.D.N.Y. June 21, 2005) (discussing the standard under the earlier 120-day period).

Because the Plaintiff failed to demonstrate good cause or even respond to the Court's orders, the appropriate remedy is to dismiss the action without prejudice. "Among federal courts, there is virtual unanimity that 'dismissal is mandatory if a defendant is not served within [90] days, unless the plaintiff can show good cause for delay.'" *Nat'l Union Fire Ins. Co. of Pittsburg, Pa. v. Sun,* No. 93-CIV-7170, 1994 U.S. Dist. LEXIS 11934, at *2 (S.D.N.Y. Aug. 25, 1994) (quoting *Geiger v. Allen,* 850 F.2d 330, 332 (7th Cir. 1988)); *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010) (affirming dismissal of claim under Rule 4(m) because the plaintiffs served a defendant outside the former 120–day period and "had neither sought nor received an extension of time to serve" that defendant); *see, e.g.*, *Stewart v. City of N.Y.*, No. 06-CIV-15490, 2008 WL 1699797, at *7 (S.D.N.Y. Apr. 9, 2008) (declining to grant an extension of time *nunc pro tunc* "because [the plaintiff] took no steps to extend the Rule 4(m) deadline for service within a reasonable time after its expiration"). And this Court, therefore, respectfully recommends such a dismissal. *See, e.g.*, *Fried v. N.Y. State Office of*

*Children & Family Servs.*, No. 05-CV-5522, 2008 WL 4360749, at *1 (E.D.N.Y. Sept. 24, 2008) (affirming report and recommendation to dismiss without prejudice in absence of demonstrable good cause or basis to exercise discretion); *Grant v. Aurora Loan Servs.*, No. 08-CV-100, 2008 WL 4326532, at *1 (E.D.N.Y. Sept. 22, 2008) (same).

<u>Conclusion</u>

For the reasons stated above, it is respectfully recommended that the action be dismissed without prejudice.[1]

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.").

<u>/s/ Sanket J. Bulsara Nov. 13, 2019</u>
Sanket J. Bulsara
United States Magistrate Judge

Brooklyn, New York

---

[1] Defendant asks for the dismissal to be with prejudice. The Court declines to recommend such a result. As the cases cited herein demonstrate—and as Rule 4(m) mandates—dismissal for failure to abide by the 90 day service rule requires a without prejudice dismissal. Furthermore, because a with prejudice dismissal operates as an adjudication on the merits, such a dismissal would be inapt in this case, where no complaint has been filed, and thus the Court lacks any specific cause of action to adjudicate a dismiss on the merits.